# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1024V
**Filed: March 28, 2017**

| | |
|---|---|
| * * * * * * * * * * * * *  | Special Master Sanders |
| CORNELIOUS PRYSOCK, *  |  |
| * | Joint Stipulation on Damages; Influenza |
| Petitioner, * | ("Flu") Vaccine; Guillain-Barre Syndrome |
| * | ("GBS"); Annuity. |
| v. * |  |
| * |  |
| SECRETARY OF HEALTH * |  |
| AND HUMAN SERVICES, * |  |
| * |  |
| Respondent. * |  |
| * * * * * * * * * * * * * |  |

<u>Simina Vourlis</u>, Law Offices of Simina Vourlis, Columbus, OH, for Petitioner.
<u>Darryl Wishard</u>, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On September 14, 2015, Cornelious Prysock ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that as a result of an influenza ("flu") vaccine administered on October 22, 2012, he suffered from Guillain-Barre Syndrome ("GBS"). *See* Stipulation for Award at ¶¶ 1-4, filed March 28, 2017. Petitioner further alleged that he experienced symptoms of this injury for more than six months. *Id.* at ¶ 4.

On March 28, 2017, the parties filed a stipulation in which they state that a decision should be entered awarding compensation to Petitioner. Respondent denies that the flu vaccine caused

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act," "the Act," or "the Program"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

Petitioner's GBS or any other injury, and denies that Petitioner's current disabilities are the result of a vaccine-related injury. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

a. **A lump sum of $817,143.29, which amount represents compensation for first year life care expenses ($185,647.00), lost earnings ($380,000.00), pain and suffering ($250,000.00), and past unreimbursable expenses ($1,496.29), in the form of a check payable to petitioner;**

b. **A lump sum of $22,362.04, which amount represents reimbursement of a lien for services rendered on behalf of petitioner, Cornelious Prysock, in the form of a check payable jointly to petitioner and**

   **Treasurer, State of Ohio**
   **Ohio Tort Recovery Unit**
   **350 Worthington Road, Suite G**
   **Westerville, Ohio 43082**
   **Case Number: 1045910**

   **Petitioner agrees to endorse this payment to the State of Ohio; and**

c. **An amount sufficient to purchase the annuity contract described in paragraph 10 of the attached stipulation, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").**

*Id.* at ¶ 8.

The undersigned approves the requested amount for Petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

> s/Herbrina D. Sanders
> Herbrina D. Sanders
> Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| CORNELIOUS PRYSOCK, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 15-1024V |
| SECRETARY OF HEALTH AND HUMAN SERVICES | ) ) ) | Special Master Sanders |
| Respondent. | ) ) ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Cornelious Prysock, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received his flu immunization on October 22, 2012.

3. The vaccination was administered within the United States.

4. Petitioner alleges that he suffered Guillain-Barre Syndrome ("GBS") as a result of receiving the flu vaccine, and further alleges that he experienced the residual effects of this condition for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6. Respondent denies that the flu vaccine caused petitioner to suffer from GBS or any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum of $817,143.29, which amount represents compensation for first year life care expenses ($185,647.00), lost earnings ($380,000.00), pain and suffering ($250,000.00), and past unreimbursable expenses ($1,496.29), in the form of a check payable to petitioner;

   b. A lump sum of $22,362.04, which amount represents reimbursement of a lien for services rendered on behalf of petitioner, Cornelious Prysock, in the form of a check payable jointly to petitioner and

   Treasurer, State of Ohio
   Ohio Tort Recovery Unit
   350 Worthington Road, Suite G
   Westerville, Ohio 43082
   Case Number: 1045910

Petitioner agrees to endorse this payment to the State of Ohio; and

   c. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a.      A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b.      Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c.      Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d.      Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, Cornelious Prysock, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner as follows:

    a. For future unreimbursable Medicare Part B Premium expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,308.00 to be paid for the remainder of petitioner's life, increasing at the rate of five percent (5%), compounded annually from the date of judgment.

    b. For future unreimbursable AETNA Medicare Value Plan Maximum-out-of-Pocket, and Medicare Advantage Rx expenses, beginning on the first anniversary of the date of judgment, an annual amount of $7,288.00 to be paid for the remainder of petitioner's life, increasing at the rate of five percent (5%), compounded annually from the date of judgment.

    c. For future unreimbursable Physical Therapy and Occupational Therapy expenses, beginning on the first anniversary of the date of judgment, an annual amount of $2,061.00 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

    d. For future unreimbursable Case Management expenses, beginning on the first anniversary of the date of judgment, an annual amount of $2,850.00 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

    e. For future unreimbursable Scooter, Scooter Lift, and Scooter Cover expenses, on the anniversary of the date of judgment in year 2024, a lump sum of $4,473.00. Then, on the anniversary of the date of judgment in year 2031, a lump sum of $4,473.00. Thereafter, beginning on the anniversary of the date of judgment in year 2032, an annual amount of $639.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

      f. For future unreimbursable Activities of Daily Living, Wheelchair Maintenance, Scooter Maintenance, and Compression Stocking expenses, beginning on the first anniversary of the date of judgment, an annual amount of $857.50 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

      g. For future unreimbursable Manual Wheelchair, Lift Reclining Chair, Shower Chair, and Bed Step expenses, on the anniversary of the date of judgment in year 2022, a lump sum of $2,179.50. Then, on the anniversary of the date of judgment in year 2027, a lump sum of $2,179.50. Then, on the anniversary of the date of judgment in year 2032, a lump sum of $2,179.50. Thereafter, beginning on the anniversary of the date of judgment in year 2033, an annual amount of $435.90 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

      h. For future unreimbursable Adult Day Program, Home Health Aide, and Licensed Practical Nurse expenses, beginning on the first anniversary of the date of judgment, an annual amount of $83,330.00 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

      i. For future unreimbursable Ancillary Service expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,300.00 to be paid up to the anniversary of the date of judgment in year 2042, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

      j. For future unreimbursable Accessible Housing expenses, on the anniversary of the date of judgment in year 2036, a lump sum of $20,000.00, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Cornelious Prysock, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Cornelious Prysock's death.

    11. The annuity contract will be owned solely and exclusively by the Secretary of Health

and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided

pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on October 22, 2012, as alleged by petitioner in a petition for vaccine compensation filed on or about September 14, 2015, in the United States Court of Federal Claims as petition No. 15-1024V.

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except

as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged GBS or any other injury or his current condition.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

/

/

/

/

/

/

Respectfully submitted,

PETITIONER:

_Cornelious Prysock_
CORNELIOUS PRYSOCK

ATTORNEY OF RECORD FOR
PETITIONER:

_Simina Vourlis_
SIMINA VOURLIS, ESQ.
The Law Offices of Simina Vourlis
1689 West 3rd Avenue
Columbus, OH 43212
Tel: (614) 487-5900

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_Catharine E. Reeves_
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

_[signature] For_
NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
 and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

_[signature]_
DARRYL R. WISHARD
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4357

Dated: 3/20/17