# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1024V
Filed: July 24, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | Special Master Sanders |
| CORNELIOUS PRYSOCK, | * | |
| | * | Attorney's Fees and Costs; Adjusted Hourly |
| Petitioner, | * | Rates. |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Simina Vourlis, Law Offices of Simina Vourlis, Columbus, OH, for Petitioner.
Darryl Wishard, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On September 14, 2015, Cornelious Prysock ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that as a result of an influenza ("flu") vaccine administered on October 22, 2012, he suffered from Guillain-Barre Syndrome ("GBS"). Petition, filed Sept. 14, 2015. On March 28, 2017, the undersigned issued a decision pursuant to the parties' joint stipulation. Decision, ECF No. 28.

Petitioner filed a motion for attorney's fees and costs on June 1, 2017. Petitioner requested attorney's fees in the amount of $71,613 and attorney's costs in the amount of $24,498.14. Pet'r's

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act," "the Act," or "the Program"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

Mot. Att'y's Fees and Costs at 2, ECF No. 33.  In compliance with General Order #9, Petitioner filed a signed statement indicating Petitioner incurred no out-of-pocket expenses.  Pet'r's Ex. 24, ECF No. 33-9.  Respondent indicated that "[t]o the extent the Special Master is treating [P]etitioner's request for attorneys' fees and costs as a motion that requires a response from [R]espondent . . . Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Resp't's Resp. at 2, filed June 2, 2017.  Respondent recommended that the undersigned exercise her discretion and determine a reasonable award for attorney's fees and costs.  *Id.* at 3.  Petitioner did not file a reply thereafter.

The matter is now ripe for consideration.

I.      **Reasonable Attorney's Fees and Costs**

The Vaccine Act permits an award of reasonable attorney's fees and costs.  § 15(e).  The Federal Circuit has approved the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008).  This is a two-step process.  *Id.*  First, a court determines an "initial estimate . . . by 'multiplying the numbers of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorney's fees and costs.").  Applications for attorney's fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community.  *See Blum*, 465 U.S. at 895.  The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Id.* at 895, n.11.  The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable.  *Id.*

In *Avera*, the Federal Circuit determined that the forum of the Vaccine Act is Washington, D.C.  515 F.3d at 1348.  The Federal Circuit also decided that the forum rate for attorney's fees should generally apply in Program cases.  *Id.*  However, it created an exception pursuant to *Davis County*: where most of an attorney's work is performed outside of the forum and there is a "very significant difference" between the forum rate and the attorney's lower local rate, a court should calculate fees under the local rate.  *Id.* at 1349.  A court must first determine the forum rate, then determine the local rate, and finally determine whether a "very significant difference" exists between them.  *Davis Cty.*, 169 F.3d at 758.

      a.    **Hourly Rates**

Counsel's work in this case was performed in Columbus, Ohio, where the local rates are within the forum rate categories found reasonable in *McCulloch*. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Therefore, forum rate ranges will apply to the attorney and paralegal rates. *See also Jones v. Sec'y of Health & Human Servs.*, No. 13-279V, 2016 WL 7233938, at *5 (Fed. Cl. Spec. Mstr. Nov. 18, 2016); *Forde v. Sec'y of Health & Human Servs.*, No. 15-185V, 2016 WL 7670920, at *3 (Fed. Cl. Spec. Mstr. Dec. 16, 2016).

In *McCulloch*, Special Master Gowen determined the reasonable forum rate ranges for attorneys with varying years of experience. 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). Pursuant to *McCulloch*, a forum attorney with more than 20 years of experience may be awarded $350 to $425 per hour. *Id.* An attorney with less than four years of experience, on the other hand, has a reasonable hourly rate between $150 and $225. *Id.*

In the instant case, attorney Simina Vourlis requests hourly rates of $400 for work performed from 2014 to 2015; $415 for 2016; and $424 for 2017. Pet'r's Ex. 17 at 4, ECF No. 33-2. In considering Ms. Vourlis's skill, over 26 years of experience, quality of work, and reputation, the undersigned finds that the requested hourly rates are appropriate. Ms. Vourlis's work performed from 2014 to 2017 would fall within the $358 to $424 per hour range, as reflected in the 2017 Office of Special Masters' Attorneys' Forum Hourly Rate Fee Schedule.[3] The requested rates are within this acceptable range and are consistent with past decisions from other special masters. *See Forde v. Sec'y of Health & Human Servs.*, No. 15-185V, 2016 WL 7670920, at *3 (Fed. Cl. Spec. Mstr. Dec. 16, 2016); *Nottage v. Sec'y of Health & Human Servs.*, No. 15-1177V, 2016 WL 4523814 (Fed. Cl. Spec. Mstr. July 6, 2016).

The undersigned finds it necessary, however, to adjust the 2016-2017 paralegal rate for Simina Vourlis. Pet'r's Ex. 17 at 4. Ms. Vourlis's requested rate of $148 for paralegal work performed from 2016 to 2017 is inconsistent with past decisions from other special masters. *Forde v. Sec'y of Health & Human Servs.*, No. 15-185V, 2016 WL 7670920, at *3 (Fed. Cl. Spec. Mstr. Dec. 16, 2016); *Nottage v. Sec'y of Health & Human Servs.*, No. 15-1177V, 2016 WL 4523814 (Fed. Cl. Spec. Mstr. July 6, 2016). The undersigned finds that without a reasoned explanation for an increase in paralegal hourly rates from $135 (2014-2015) to $148 (2016-2017), the increased rate cannot be awarded. Thus, Ms. Vourlis's total paralegal fee award is reduced by $146.90.

### b. Hours Expended

---

[3] The 2017 Fee Schedule can be accessed at: http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The hourly rates contained in the 2017 Fee Schedule are updated from the decision *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests compensation for 161.8 hours of work performed by Ms. Vourlis at attorney rates and 36.5 hours of work performed by Ms. Vourlis at paralegal rates. On review of the billing record, the undersigned finds the number of hours expended reasonable.

### c. Costs

Like attorney's fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests $24,498.14 in attorney's costs. The costs are associated with medical record retrieval, life care planner expenses, economist expenses, postage, copies, and a filing fee. The undersigned finds them to be reasonable and awards them in full.

## II.  Conclusion

Based on all of the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorney's fees and costs:

| | |
|---|---|
| Attorney's Fees Requested | $71,613.00 |
| (Reduction to Paralegal's Hourly Rate in 2016) | -$109.20 |
| (Reduction to Paralegal's Hourly Rate in 2017) | -$37.70 |
| **Attorney's Fees Awarded** | **$71,466.10** |
| **Attorney's Costs Awarded** | **$24,498.14** |
| **Total Attorney's Fees and Costs Awarded** | **$95,964.24** |

The undersigned has reviewed Petitioner's counsel's detailed records of time and expenses incurred in this case, and they are reasonable with the above reductions. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner is entitled to attorney's fees and costs. **Accordingly, the undersigned hereby awards the amount of $95,964.24,**[4] **in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Simina Vourlis, of Law Offices of Simina Vourlis.** In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

/s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master